## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

YVONNE SINKLEAR
1211 Bieker Road
Washington, MO 63090

- AND –

MONTGOMERY SINKLEAR                                    3:15-cv-101 (Groh)
1211 Bieker Road
Washington, MO 63090                           Electronically filed:  August 14, 2015

        Plaintiffs,

*v.*

UNITED STATES OF AMERICA
US Department of Justice
Attorney General Loretta Lynch

        **Serve:**
        William J. Ihlenfeld, II
        P.O. Box 591
        Wheeling, WV 26003-0011

        And

        Loretta Lynch
        Attorney General of the United States
        950 Pennsylvania Ave., NW
        Washington, D.C. 20530

        Defendant.

## COMPLAINT

**COME NOW** Plaintiffs, by and through the undersigned counsel, and respectfully file this

Complaint, and for this cause of action state:

## PARTIES

1.     Yvonne Sinklear is an adult resident of the State of Missouri.

2.     Montgomery Sinklear is an adult resident of the State of Missouri.

3.      Defendant United States of America (hereafter "USA") pursuant to 42 U.S.C. § 233 (l)(1) represents the following parties: Shenandoah Valley Medical System, Inc. and Pamela Cruden-Parham, M.D.

## BACKGROUND

4.      On September 19, 2012, Mrs. Yvonne Sinklear underwent surgery to have a fallopian tube removed by deemed federal employees Consuela Cruden-Parham, M.D. and Shenandoah Valley Medical System.

5.      The procedure was begun laparoscopically but was converted to a full laparotomy after the laparoscopy had failed.

6.      Following the procedure, Mrs. Sinklear had continued pain for several days and she returned to Shenandoah Valley Medical System and Dr. Cruden-Parham in the subsequent days as an outpatient.

7.      On September 25, 2012, Mrs. Sinklear complained of "vomiting and thinks she may have pulled something" and continued to have ongoing pain and complaints in the following weeks.

8.      On October 9, 2012, Mrs. Sinklear was taken back to the operating room for a post-operative visit but nothing was discovered.

9.      On October 19, 2012, Mrs. Sinklear returned to the emergency room complaining of acute pain. A CT scan done which found that "there is a 6.5 x 5 cm complex cystic collection in the left adnexa" and suggested that it could be an abscess.

10.     On December 19, 2012 Mrs. Sinklear was admitted to City Hospital and an operation was performed to remove pelvic adhesions. The operative report indicates that the bowel was inspected and without injury.

11.     Mrs. Sinklear returned to City Hospital on December 24, 2012 with complaints of pain with an apparent paralytic ileus and on December 25, 2012 she underwent another operation by Dr. Cruden-Parham, but, again, Dr. Cruden-Parham found nothing.

12.     A CT scan performed on December 27, 2012 found a 13 x 4 x 5 cm fluid collection in the pelvis interiorly with pockets of air. The CT report states that this is "suggestive of post-operative fluid collection or more likely an abscess."

13.     On December 26, 2012, Mrs. Sinklear presented to Winchester Medical Center where surgery was performed and a pelvic abscess and an "iatrogenic small bowel perforation" were identified.

14.     As a result, Mrs. Sinklear had a portion of her small bowel removed, underwent significant surgery, and incurred significant medical bills related to the surgery.

## JURISDICTION

15.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346 and by virtue of the fact that all acts and omissions complained of occurred within the Northern District of West Virginia.

16.     Venue lies in this Court pursuant to 28 U.S.C. § 1402 since the occurrence which gave rise to the cause of action arose in the Northern District of West Virginia.

17.     This Court has subject matter jurisdiction over this claim arising from Federal Torts Claim Act, 28 U.S.C. § 2675(a) because the Plaintiffs filed the required Form 95 more than 6 months ago; said Form 95 has to date not been denied; and the Plaintiffs have exhausted any possible administrative remedies.

## COUNT I
### Medical Negligence

18.     Each of the preceding paragraphs is incorporated by reference herein.

19.     Defendant and its deemed federal employees owed a duty of care to Plaintiffs to exercise that degree of skill, care, judgment and expertise ordinarily possessed and used by a health care provider acting in the same or similar circumstances.

20.     Defendant and its deemed federal employees were negligent in their care and treatment of Plaintiff in failing to adhere to the duties they owed to Plaintiff and breached the standard of care that required of them the following:

   a.   In failing to properly recognize and treat a bowel perforation after surgery on September 19, 2012 and in each and every follow up appointment thereafter; and,

   b.   Being otherwise negligent.

21.     As a result of these failures, within a reasonable degree of medical probability, Mrs. Sinklear developed complications from an iatrogenically perforated bowel that lead to further hospitalizations, and additional injuries and surgeries.

22.     Plaintiff also asserts the doctrine of *res ipsa loquitor*.

23.     As a direct and proximate result of the aforesaid negligence of the Defendant and its deemed federal employees, Plaintiff sustained serious injuries including but not limited to an esophageal leak that led to further complications, further hospitalizations, additional injuries and surgeries, past and future medical bills, resulting in a prolonged hospitalization, mental anguish, embarrassment, humiliation, and related injuries and damages which are permanent and will continue, as well as medical, hospital, therapy, and related health care expenses for medical care and treatment, loss of income and loss of the capacity to enjoy life.

## COUNT II
### Loss of Consortium

24.     Plaintiff Montgomery Sinklear incorporates by reference each of the preceding paragraphs.

25.     At all relevant times, Plaintiffs Yvonne Sinklear and Montgomery Sinklear were in a marital relationship.

26.     As a direct and proximate result of the negligence of Defendants as aforesaid, Plaintiff Montgomery Sinklear has suffered an interference with familial and marital relations and has suffered a loss of sex, services, and consortium.

**WHEREFORE**, Plaintiffs Yvonne Sinklear and Montgomery Sinklear demand judgment against Defendants in the amount of $5,000,000.00 to be determined at trial but believed to be in excess of the jurisdictional limit, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated: August 14, 2015

By Counsel:

/s/ Christopher T. Nace
Christopher T. Nace, Bar No. 11464
PAULSON & NACE, PLLC
1615 New Hampshire Avenue, NW
Washington, DC 20036
(202) 463-1999
ctnace@paulsonandnace.com

D. Michael Burke, WV Bar No. 550
BURKE, SCHULTZ & HARMAN
1444 Edwin Miller Blvd.
P.O. Box 1938
Martinsburg, WV 25401
(304) 263-0900
dmburke@burkeandschultz.com

*Counsel for Plaintiffs*

## <u>PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS</u>

By Counsel:


/s/ Christopher T. Nace
Christopher T. Nace, Bar No. 11464
PAULSON & NACE, PLLC
1615 New Hampshire Avenue, NW
Washington, DC 20036
(202) 463-1999
ctnace@paulsonandnace.com


D. Michael Burke, WV Bar No. 550
BURKE, SCHULTZ & HARMAN
1444 Edwin Miller Blvd.
P.O. Box 1938
Martinsburg, WV 25401
(304) 263-0900
dmburke@burkeandschultz.com

*Counsel for Plaintiffs*